**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1451
_____

SARA BALDWIN,
                                    Appellant

v.

HOUSING AUTHORITY OF THE CITY OF CAMDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-06583)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2011

Before:  JORDAN, GARTH and BARRY, Circuit Judges

(Opinion filed August 24, 2011)

_____

OPINION
_____

PER CURIAM

        Sara Baldwin, proceeding pro se, appeals from the order of the District Court

entering final judgment in favor of the defendant.  For the following reasons, we will

affirm.

I.

In December 2009, Sara Baldwin filed a pro se complaint in the United States District Court for the District of New Jersey against the Housing Authority of the City of Camden ("Housing Authority") [1] alleging that her due process rights were violated when the Housing Authority terminated her Section 8[2] housing. She claims that the Housing Authority deprived her of her property without first informing her of the evidence it considered when making the decision to terminate her assistance.

To keep her housing assistance, Baldwin was required to recertify her eligibility annually, which included submitting information about her income and family composition. She did not attend a scheduled recertification meeting on April 2, 2009, because, she alleges, a granddaughter in her care was ill. She asserts that when she contacted the case worker to reschedule the meeting and hand over the required documents, the case worker refused to accept them. She further alleges that she attended a rescheduled appointment with Tracie Herrick, Assistant Director of Public Housing, and that Herrick also refused to accept her documents. Baldwin also alleges that Herrick stated that "the case worker had failed to do her job correctly." In May 2009, she received a letter from Herrick informing her that her assistance would be terminated as of June 30, 2009 for failure to comply with the annual recertification requirements.

_____

[1] Baldwin's brief before the District Court included as a defendant Tracie Herrick, Director of Public Housing. Baldwin has not included Herrick on her brief to this Court, and the case docket reflects the Housing Authority as the only defendant.

[2] Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f.

2

Baldwin appealed; after a hearing, the Housing Authority's decision was upheld. Baldwin then filed her complaint in the District Court.

The parties filed cross motions for summary judgment. Baldwin's motion reiterated the allegations in her complaint. The Housing Authority's motion refuted all of Baldwin's allegations.[3] It denied that the meeting was rescheduled, and pointed out that Baldwin gave no indication about when it was rescheduled. The Housing Authority also refuted Baldwin's claim that Herrick made any statement regarding a case manager's job performance. Finally, the Housing Authority noted that the May 2009 letter does explain the reasons for the recertification denial and that Baldwin's own allegations demonstrate that the alleged denial of her appeal specifically referenced her failure to comply with the recertification requirements.

The District Court found that no reasonable factfinder could find that the letters failed to identify the evidence upon which the Housing Authority's decision was based, and granted summary judgment in favor of the Housing Authority. Baldwin filed a timely appeal.

In reviewing a District Court's grant of summary judgment, we exercise plenary review and apply the same standard that the District Court should have applied. Regents

---

[3] The Housing Authority noted that Baldwin's claims about her granddaughter's illness were unsubstantiated. Baldwin submitted a note from a prescription pad, dated four months after the scheduled April 2009 meeting, stating only that the granddaughter suffered from reflux and that she no longer takes medication. In addition, her other evidence—notes from a "resident contact log"—merely confirm that she failed to appear at the hearing with all adult members of her household, as required.

of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006); Fed. R. Civ. P. 56(a). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Fed. R. Civ. P. 56(a). The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (internal citations omitted).

Baldwin claims that the Housing Authority violated her due process rights when it terminated her benefits and denied her appeal. Due process in this context requires a decision maker to state the reasons for his or her decision and indicate the evidence he or she relied on. See Goldberg v. Kelly, 397 U.S. 254, 271 (1970). Likewise, the Department of Housing and Urban Development ("HUD") regulations governing housing assistance termination provide that "[t]he person who conducts the hearing must issue a written decision, stating briefly the reasons for that decision." 24 C.F.R. § 982.555(3)(6). We agree with the District Court's conclusion that the Housing Authority's letters denying recertification and Baldwin's appeal each identified the basis for the Housing Authority's decision—namely, Baldwin's failure to comply with the recertification process. Accordingly, the District Court properly granted summary judgment in favor of the Housing Authority.

For the foregoing reasons, we will affirm the District Court's judgment.

4